# CASES DETERMINED

IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

JUNE TERM, 1914.

---

## THE STATE, EX REL. WILLIAM GUTHEIL, v. JULIUS NELSON.

Submitted July 3, 1913—Decided July 2, 1914.

1. Where the rules and regulations for the government of the police force of a city do not specify the number of captains to be appointed on such force, it is within the discretion of the governing body of such force to appoint as many officers of that grade as it may deem necessary for the public service, and such officers, after their appointment, may be assigned from time to time to such duties as are required to be performed by members of the force of their rank.
2. The fact that a captain of police has been assigned to the command of a particular precinct, does not, of itself, vest in him any right to continue in such command, but his assignment of duty may be changed in the discretion of the board, in the absence of any statutory or municipal regulation to the contrary.

---

On *quo warranto*.  Demurrer to pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the relator, *William S. Stuhr*.

For the respondent, *Horace L. Allen*.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.  The following are the material facts set out in the pleadings in this case:  The government of the police force of the city of Hoboken is vested in the board of police commissioners of that city, under the provisions of the municipal charter; and that board has power to make such rules and regulations as it may deem proper for the regulation of the police department.  In the exercise of that power the board adopted a manual of rules and regulations in which it was provided, among other things, that the police force should consist of "a chief of police, captains, a detective sergeant, sergeants, roundsmen, and such detectives, patrolmen, vandrivers and chancemen" as the board should appoint; that there should be two police precincts in the city; that the force in each precinct should form a company; and that the officers of each company should consist of one captain, three sergeants, three roundsmen, together with the necessary number of patrolmen and detectives.

This manual was adopted in January, 1903, and under it Robert H. Bell and John Flattery were appointed captains, Bell being assigned by the chief of police to duty in the first precinct, and Flattery in the second.

In August, 1907, by a resolution of the board the respondent, Nelson, was appointed a captain of the police department, and was assigned to take command of the detective bureau which was then, or had been theretofore, created.

On the 11th of November, 1911, Captain Bell died while in office.  On the 16th of that month the board removed Captain Flattery from his office, and immediately thereafter appointed the present relator, then detective sergeant, Gutheil, and Sergeant Foley, captains to fill the vacancies thus created. The chief of police thereupon assigned the relator to duty as captain of the first precinct, and Foley to duty as captain of the second.

Immediately after his removal Captain Flattery began proceedings in this court to test the validity of that action by the board; and on the 3d of February, 1912, we adjudged such removal unwarranted, illegal and void, and directed his restoration to his office.

Twelve days later the board passed a resolution reducing Captains Gutheil and Foley to their original positions, restoring Captain Flattery to his office, and directing the chief of police to detail him to his original command, and to assign Nelson, the respondent, to the captaincy of the first precinct.

The relator, by this proceeding, seeks to obtain an adjudication of this court that Nelson, the respondent, usurps the office which he now holds, and that he (the relator) is the legal incumbent thereof, and entitled to the command of the first precinct.

The first ground upon which the relator rests his claim is that under the provisions of the manual of rules and regulations of the board above recited, the appointment of the respondent as captain of police in July, 1907, was *ultra vires* the board, and void; the argument being that because there were only two police precincts in the city, there could be only two captains legally appointed, and, there being already at the time of Nelson's appointment a captain in charge of each of the two precincts, that appointment violated the provision of the manual. But this, we think, is due to a misconception of the language of that document. The provision thereof is that the police force shall consist of a chief of police, captains, detective sergeants, &c., &c. There is no limitation as to the number of captains, or of officers of a lower grade, that may be appointed. How many of each class there shall be rests in the sound discretion of the board. If the exigencies of the public service at any time should require the appointment of a captain of police whose duty should be other than the command of a precinct, it is within the power of the board, under its own manual of rules and regulations, to make such appointment. The action of the board, therefore, in creating the respondent one of the captains of the police force, and

assigning him to the command of the detective bureau, was not taken in disregard of its own manual.

It is further contended that the board was without power to remove the relator from the command of the first precinct, after he had once been legally appointed thereto.

The line of duty to be assigned to a particular appointee is a matter to be determined from time to time by the board, in the public interest; subject, of course, to such statutory limitations as may exist. The fact that a particular captain has once been assigned to the performance of a particular line of duty, for instance, to the command of a particular precinct, vests in him no right to continue in the performance of that specific duty contrary to the will of the board. He holds the assignment subject to be transferred from one line of duty to another, required to be performed by an officer of his rank, whenever the board, in its good judgment, shall determine it to be for the public interest. The relator, Gutheil, having been appointed captain, and assigned to duty as commander of the first precinct, was entitled to hold that assignment only so long as the public interests, in the opinion of the board, were best subserved thereby. And this is equally true with relation to the assignment of Nelson to duty as head of the detective service. The removal, therefore, by the board, of the relator from his command, and its assignment of the respondent to that command, was a valid exercise of the power conferred upon the board by the legislature.

Whether the action of the board in reducing the relator from the rank of captain to that of detective sergeant is legally defensible (a matter discussed in the briefs of counsel), is not involved in the determination of the present proceeding, which stands or falls upon the validity of the appointment of Nelson as captain, and his assignment to the command of the first precinct. That appointment, and the subsequent assignment, being within the power of the board, and constituting the defence set up by the respondent, the demurrer to the pleas must be overruled.

The respondent is entitled to judgment on the demurrer.